THOMAS A. LONG & others *vs.* WINGATE P. SARGENT & others.

The selectmen of a town have the power to establish a fire department under the Gen. Sts. *c.* 24, §§ 23–31, although the town has at its annual meeting elected firewards.

PETITION by Long and four others, claiming to be firewards of the town of Melrose, and asking for a *mandamus* to issue against the respondents, selectmen of the town, commanding them to deliver to the petitioners certain badges which had been furnished by the town for its firewards to wear or carry to fires, as required by law, and were in the custody of the respondents. The case was submitted on agreed facts substantially as follows :

The petitioners were duly chosen firewards, and the respondents duly chosen selectmen, of Melrose, for the year 1868. There were badges in the possession and control of the respondents, furnished by the town for the use of the firewards, and until the year 1867 worn by the firewards annually chosen, when on duty. The petitioners made demand upon the respondents to deliver to them these badges and the respondents refused so to do.

The town never voted to establish a fire department, and at a regular town meeting, held on May 26, 1851, voted not to accept an act passed by the legislature to establish one. But it had always chosen firewards, and did so at the annual meetings of the years 1867 and 1868; the firewards in each year being duly notified and duly accepting the office under the statute.

On April 23, 1867, the then selectmen voted to establish a fire department, and appointed five engineers to serve for one year from the first of May following. These engineers chose a chief engineer, an assistant engineer, a clerk and enginemen The engineers thus appointed were the same persons who had previously been chosen firewards by the town for the year 1867.

On April 7, 1868, the respondents appointed five engineers to serve for one year from the first of May following and until others should be appointed in their stead. These engineers met on April 15, and chose a chief engineer and clerk, and at an adjourned meeting, on May 1, 1868, chose enginemen.

Since May 1, 1867, the engineers and enginemen successively appointed as above stated had the custody and control of the property belonging to the fire department of the town and exercised full powers in relation to the extinguishment of fires therein.

*W. C. Farnsworth,* for the petitioners.

No counsel appeared for the respondents.

WELLS, J. The power of selectmen to establish a fire department under the Gen. Sts. *c.* 24, §§ 23–31, is not derived from the town, and they cannot be deprived of it by vote of the town. It is not dependent upon the contingency of a failure on the part of the town to elect firewards.

In the absence of a fire department, it devolves upon the selectmen to appoint enginemen; to direct in the formation of engine, hose and other companies; to prescribe their duties; to approve the rules and regulations that such companies may adopt in their organization; and to discharge those who are negligent in their duties. When a fire breaks out, the firewards take the direction of all operations, provided there are firewards

present; otherwise, certain other officers are designated to exercise that authority. But firewards do not constitute a board; they have no organization; their number is indefinite; they have no ordinary duties by virtue of their office. Their duties and their authority are limited to the occasion which requires their exercise. They cannot organize engine companies, nor appoint enginemen. If the selectmen appoint enginemen, and organize companies under §§ 9–11, such companies are required to act under the direction of the firewards. But the selectmen may or may not do this, as they see fit. If they determine, instead of this, to establish a fire department, they have the power, under the statute, to do so. In that case the selectmen merely appoint engineers; and then, upon the organization of the engineers as a board, all their own powers and duties in that regard are transferred to the engineers of the fire department, who are also clothed by the statute with the powers of firewards. Their powers and duties are also defined in several other important particulars, which indicate that full and exclusive control was intended to be given to them, not only in the organization of the department and the management of the engines and other property, but also in all their operations in respect to fires.

The establishment of a fire department does not vacate the office of the firewards. They still remain officers of the town, with all the authority and the duties that belong to the office, to be exercised if there should be occasion. But the fire department must be under the control of its own officers, and when they are present, the firewards have no occasion to act.

As the engineers act as firewards, the selectmen may properly deliver to them the appropriate badges of their office. We suppose the suit to have been brought, not for the purpose of obtaining the badges, but to test the right of the selectmen to establish the fire department, after the town had acted upon the subject by electing firewards.

In accordance with the foregoing views, the *mandamus* must be refused and the *Petition dismissed.*