BENJAMIN G. PERRY & others *vs.* ANDREW F. STOWE.

Enginemen appointed by the engineers of a town formed themselves into an engine com-
pany, and met regularly in a room provided by the town for the use of the enginemen,
which was supplied with furniture by voluntary contributions from members of the com-
pany and other inhabitants. The company was in the habit of voting in members, and
sending a list of their members to the engineers for approval as enginemen. At a regular
meeting all of the enginemen who were present voted to disband the company and sell
the furniture, and they sold and delivered it accordingly to the defendant. The engine-
men who were present at this meeting were removed by the engineers, and the remain-
ing enginemen replevied the furniture from the defendant. *Held*, that the plaintiffs were
entitled to the furniture.

REPLEVIN of furniture by Benjamin G. Perry and eleven
others, " as they are the members of the Franklin Engine Com-
pany of Bradford." Writ dated August 12, 1869. The case was
referred to an auditor. Trial in the Superior Court, before *Wil-
kinson*, J., who made the following report of the case :

" In 1861, a fire department was duly established and organized
in Bradford, and has so continued ever since. Fire engineers were
appointed by the selectmen and have thus been annually ap-
pointed since, who have duly appointed from time to time engine-
men composing the company of which the plaintiffs were the
members at the time of bringing this suit. During all this time
the town have owned a fire engine and a building in which it has
been kept. In this building there has been a room for the use. of
the enginemen, which they have regularly occupied for meetings
of the company. This room was provided by the town and ap-
propriated for the use of the enginemen, but no furniture was
provided by the town to fit it for use. It was furnished and has
been kept furnished by the company from voluntary contributions
by the members of the company and other inhabitants of the
town. The articles replevied constituted the furniture of the
room on August 2, 1869, when the company, at a regular meet-
ing, twenty-three out of thirty-five members being present, voted
unanimously to disband the engine company and sell the property
of the company. In pursuance of this vote the property replevied
was sold and delivered to the defendant. On August 7, 1869, the
engineers removed the twenty-three enginemen who voted to dis-

band and sell the property. It further appeared that the company had been in the habit of voting in members of the company, and in the spring sending a list of their members to the engineers for their approval of them as enginemen. The book of records of the engine company, and the auditor's report in the case, may be referred to at the argument. On this evidence it was claimed that the plaintiffs had no sufficient title to the property replevied to enable them to maintain this action. I ruled otherwise, and, the jury having returned a verdict for the plaintiffs, I report the evidence on this question for the consideration of the Supreme Judicial Court."

From the auditor's report, besides the facts stated in the report of the judge, it appeared that on May 31, 1869, the engineers approved as enginemen the twenty-three who were afterwards removed, and also the twelve plaintiffs. The auditor found that "the Franklin Engine Company had no right to sell and dispose of said property in the manner they attempted to do ; that their whole right, title and interest in said property was to use and enjoy the same according to the will of the donors of the funds with which said property was furnished, and transmit the same, as little impaired by use as it conveniently could be, to their successors; that said engine company held said property in trust for the use and benefit of its members and their successors, or in other words that all the members of said company held said property in trust for the use and benefit of each individual member, and also of such as might subsequently be appointed members of said company ; that no title to said property passed to the defendant by the attempted sale ; and that the plaintiffs, being the only members of said company at the time of the commencement of this action, had the right to the immediate possession of said property, and therefore are entitled to recover nominal damages against the defendant in this action, no evidence of any special damage having been introduced."

The book of records referred to in the judge's report contained "By-laws adopted by Franklin Engine Company," among which were the following :

"It shall be the duty of the standing committee to examine and prove all bills against the company, and to draw all orders on the treasurer for the same before they are paid by him. They shall receive all propositions for membership, and approve them and report upon them to the company before the applicant can be balloted for. They shall inspect the books of the clerk and treasurer when they may deem it necessary, audit their accounts and report upon the same to the company at each annual meeting, and superintend the general affairs of the company.

"Any person wishing to become a member of this company shall be proposed to the standing committee, and upon their recommendation he shall be balloted for, and if two thirds of the votes cast are in his favor he shall be admitted and entitled to all the rights and privileges of the company, and he shall pay into the fund of the company twenty-five cents, and sign these by-laws, and procure from the clerk a badge and key.

"Any member wishing to withdraw from the company shall make it known to the clerk, and such member, by paying all just demands the company may have against him, and delivering up his badge and key to the clerk, shall be discharged, and the clerk shall notify the standing committee forthwith of such vacancy.

"Any member guilty of gross neglect of duty, especially at fires, the foreman shall upon complaint of any member of the company lay the same before the company at the next meeting, and if found guilty by a majority of the members of the company voting, such member's name shall be erased from the books or roll of the company. And any member neglecting to pay assessments authorized by a vote of the company within thirty days after being notified by the clerk of such assessment, such neglect shall be laid before the company by the clerk in the next meeting thereafter, and they shall have power to take such action in regard to such delinquent as they may deem proper."

*D. Saunders & C. G. Saunders*, for the defendant.

*H. Carter*, for the plaintiffs.

AMES, J. The Franklin Engine Company of Bradford was a part of the organized fire department of that town. The members were enginemen appointed by the engineers and paid by the

town. Their duties and powers were such as the general laws attach to the office of enginemen, and no others. The fact that they were allowed to " vote in members " does not convert the company into a mere association of volunteers. No vote which they could pass upon this subject amounted to anything more than a nomination of the persons whom they wished the engineers to appoint. It was not binding upon the engineers, and the persons voted for by the company did not become members by virtue of that vote, but solely by the appointment of the engineers. The fact that they were allowed some of the privileges and indulgencies of a social club had no effect to alter the legal character of the company, or to give to its members any different rights, or tenure of office, from that of enginemen generally.

We therefore agree with the award of the auditor that the furniture replevied was the property of the engine company, and not of the individual members for the time being ; that their duty was to transmit it to their successors as little impaired by use as conveniently practicable ; and that the vote to sell it to the defendant was unauthorized and void. There can be no doubt under the Gen. Sts. *c.* 24, §§ 9, 17, 26, of the power of the engineers to remove enginemen at their pleasure ; and the plaintiffs, as the only remaining members, had, at the date of the writ, the right of immediate possession, and are the proper parties to bring this action.                      *Judgment on the verdict.*