EDGAR H. BOWERS & others *vs.* SELECTMEN OF NEEDHAM.

Norfolk.   December 5, 1913. — January 9, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Municipal Corporations,* Fire department, Selectmen.

Where the selectmen of a town have established a fire department and have appointed a suitable number of engineers under R. L. c. 32, § 38, the board of engineers thus appointed have under § 45 of the same chapter the exclusive care and superintendence of the buildings of the fire department owned by the town with the duty of causing them to be kept in repair, and the selectmen have no authority to expend money of the town in making repairs on such buildings.

BRALEY, J.   This is a bill in equity under R. L. c. 25, § 100, by ten taxpayers of the town of Needham, to enjoin the defendants, who are the board of selectmen, from entering into contracts for the expenditure of money for the maintenance of its fire department.

It was within the scope of municipal authority for the town to appropriate money "for fire department maintenance," and the appropriation ordinarily could be expended by the selectmen not merely for current expenses, but for necessary repairs of the fire or engine houses. *Tainter* v. *Worcester,* 123 Mass. 311, 316, and cases cited.   But the board of selectmen having established a fire department and appointed engineers under the authority conferred by R. L. c. 32, § 38, their powers upon the appointment were transferred by § 45 to the board of engineers, who are given the exclusive care and superintendence of the public engines, hose, ladder carriages and ladders, the buildings, fixtures, equipments, reservoirs for water and apparatus owned by the town and used for extinguishing fires, and who shall cause the same to be kept in repair or renewed, and shall make all necessary alterations therein at an expense not in any one year exceeding $100, unless the town shall authorize a larger appropriation. *Long* v. *Sargent,* 101 Mass. 117, 118.   *Perry* v. *Stowe,* 111 Mass. 60, 63.   The exclusive power

to expend the appropriation having been given to another body, the selectmen cannot lawfully incur obligations purporting to bind the town for repairs on its fire houses under bids for which they have advertised. The plaintiffs, therefore, are entitled to relief, and the decree awarding an injunction is affirmed.* *Welch* v. *Emerson,* 206 Mass. 129.

*Ordered accordingly.*

The case was submitted on briefs.

*W. G. Moseley,* for the defendants.

*J. L. Bates, F. N. Nay & L. M. Abbott,* for the plaintiffs.

———

* The bill was filed in the Supreme Judicial Court, and the decree was made by *Loring,* J. The defendants appealed.