HARRY G. FISKE & another, trustees, *vs.* CITY OF WORCESTER.

Worcester.    October 23, 1914. — December 9, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Worcester. Municipal Corporations. Contract,* Validity.

Under the revised charter of the city of Worcester, St. 1893, c. 444, the mayor alone has no power to execute in behalf of the city a contract for the purchase of automobiles for the fire department.

CONTRACT upon a contract in writing for the purchase of four Knox automobile combination chemical engines and hose wagons, which was signed by David F. O'Connell, as mayor of the city of Worcester, on December 28, 1912, but which the chief of the fire department refused to sign, and which Mr. O'Connell's successor as mayor, George M. Wright, repudiated in writing on January 25, 1913. Writ dated April 18, 1913.

In the Superior Court the case was heard by *Sanderson J.,* upon an agreed statement of facts. He ruled that the contract executed by David F. O'Connell, as mayor, did not bind the defendant, and that therefore the plaintiffs were not entitled to recover, and reported the case to this court for determination, with an agreement of the parties that, if the ruling was right, judgment was to be entered for the defendant.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the plaintiffs.

*E. H. Vaughan & C. S. Anderson,* for the defendant.

BRALEY, J.    The plaintiffs' right of recovery depends upon whether under the provisions of the revised charter found in St. of 1893, c. 444, the mayor was authorized to execute in behalf of the city the contract in question.

It is declared in § 2, that the government, general management and control of all the fiscal, prudential and municipal affairs of the city shall be vested in a single officer called the mayor, and in a body to be called the city council, except that control of the public schools shall be vested in a school committee. By § 23, "The mayor shall be the chief executive officer of the city, and

the executive powers of the city shall be vested in him and be exercised by him either personally or through the several officers and boards in their respective departments, under his general supervision and control," and by § 24, "The mayor shall communicate to the city council such information and shall recommend such measures as, in his judgment, the interests of the city shall require; shall cause the laws, ordinances and orders for the government of the city to be enforced; and shall secure an honest, efficient and economical conduct of the executive and administrative business of the city, and the harmonious and concerted action of the different administrative and executive departments. The mayor may at any time summon heads of departments or subordinate officers for information, consultation, or advice upon the affairs of the city." The plaintiffs rely on these sections as having conferred upon him ample power not merely of supervision but to make and execute in behalf of the city all contracts necessary for the maintenance and efficiency of the several departments.

But the scheme or framework of government is to be ascertained from all the provisions of the charter. The fire department for whose use the four automobile combination chemical and hose wagons were ordered having been established under § 42, it is a department of the city and the board of engineers lawfully created by ordinance is an administrative board within the purview of § 40. *Bowers* v. *Selectmen of Needham,* 216 Mass. 422. By § 40 the several administrative boards and officers having charge of departments "shall, within their respective departments, make and execute all necessary contracts, subject to the provisions of section eighteen of this act, employ all labor, purchase all materials and supplies, have charge of the construction, alteration and repair of all public buildings and works, have the entire care, custody and management of all public works, institutions, buildings and other property, and shall in general have the immediate direction and control of all executive and administrative business; and they shall at all times be accountable for the proper discharge of their duties to the mayor as the chief executive officer of the city." It is further provided, that "all contracts made in behalf of the city in which the amount involved exceeds three hundred dollars shall, in order to be valid, require the signature of the mayor,

and, except as herein otherwise provided or by law required, no expenditure shall be made or liability incurred for any purpose beyond the appropriations previously made therefor."

The words, "the several administrative boards and officers having charge of departments shall, within their respective departments, make and execute all necessary contracts," cannot be divested of their natural import and signification. The contract must be made and executed by them, but if the amount involved exceeds *three hundred dollars* it is ineffectual unless approved by the mayor. *Goddard* v. *Lowell*, 179 Mass. 496. *Webb Granite & Construction Co.* v. *Worcester*, 187 Mass. 385, 389, 390. *Ryan* v. *Boston*, 204 Mass. 456. *Commercial Wharf Corp.* v. *Boston*, 208 Mass. 482, 488. *Sullivan* v. *Mandell*, 212 Mass. 174, 177, 178. The reference to § 18, where the city council or either branch is prohibited from taking part in the making of contracts "except as may hereafter be otherwise provided by ordinance," need not be considered, as no ordinance making such provisions is referred to in the record.

The mode of contracting having been prescribed and limited by the charter it is exclusive, and the plaintiffs are bound by the limitation. *Adams* v. *County of Essex*, 205 Mass. 189, 197. We are therefore of opinion that the trial judge correctly ruled that the contract could not be enforced, and under the terms of the report judgment is to be entered for the defendant.

*So ordered.*