MARY F. MURPHY *vs.* HUGH NAWN CONTRACTING COMPANY.

Suffolk.   November 18, 1915. — March 8, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Boston Transit Commission. Negligence,* In construction of subway.

The Boston Transit Commission, in constructing the Dorchester tunnel under the authority given to them by St. 1911, c. 741, and in making contracts in the name of the city for such construction under § 17 of that statute, are acting as public officers and not as servants or agents of the city.

A corporation engaged as a contractor in building a section of the Dorchester tunnel under a contract with the Boston Transit Commission as authorized by St. 1911, c. 741, § 17, has a right to use the part of the public streets necessary for the performance of its contract, but in doing so it is not relieved from the duty of using proper care in performing its contract and is liable for an injury caused by its negligence to a traveller on the highway in the exercise of due care.

Consequently such a contractor has a right in the course of its work to place a timber on the sidewalk of a street, but in doing so it must take precautions by barriers, signs or other adequate means to protect the travelling public from harm.

In an action against such a contractor for personal injuries caused by the unguarded presence of a timber or plank on a sidewalk of a public street where such construction was going on, if there is evidence that the defendant was constructing this section of the subway, that the timber or plank was the property of the defendant, that it was near a derrick belonging to the defendant, that within a few minutes after the plaintiff was injured two employees of the defendant removed the plank, and that nobody except the defendant had any timber or planks at the part of the street where the plaintiff was injured, the jury is warranted in finding that the plank was placed where it was by the servants of the defendant acting within the scope of their authority.

In the case stated above it was *held* to be a misleading error for the presiding judge to instruct the jury that, "if the plaintiff has satisfied you that the defendant placed there on the sidewalk something that was likely to have caused injury, that was a nuisance," and that "the defendant had no right to place an obstruction there;" because the defendant in the performance of its contract had a right to place an obstruction on the sidewalk if it took sufficient precautions to guard the travelling public from harm.

CARROLL, J.   On the afternoon of January 6, 1914, while travelling on the northerly side of Summer Street near Hawley Street, Boston, the plaintiff was injured by falling over a plank

lying on the curbstone, close to a derrick or tool house belonging to the defendant.

At this time the defendant was building the Dorchester tunnel under Summer Street. St. 1911, c. 741.

At the close of the evidence the defendant asked the presiding judge * to rule as follows:

"6. The mere presence of the plank or joist upon the sidewalk is not evidence of negligence on the part of the defendant.

"7. The mere placing of the plank or joist upon the sidewalk did not constitute negligence on the part of the defendant.

"8. In the absence of evidence that the defendant allowed the plank to remain on the sidewalk an unreasonable length of time, its presence on the sidewalk did not constitute negligence."

These rulings were refused.

By St. 1911, c. 741, the Boston Transit Commission was directed to build this tunnel. Under § 17 the commission was authorized to make contracts for its construction, in the name of the city. Section 18 provides: "All work . . . under or near public streets and places shall be conducted, so far as may be practicable, in such manner as to leave such streets and places, or a reasonable part thereof, open for traffic between the hours of seven in the forenoon and six in the afternoon of each secular day, except legal holidays."

The building of the tunnel was a public work. The Boston Transit Commission are neither servants nor agents of the city. They are public officers. The doctrine of *respondeat superior* does not apply, and the city is not liable for their negligence. *Mahoney* v. *Boston*, 171 Mass. 427. *Prince* v. *Crocker*, 166 Mass. 347.

The defendant, as a contractor engaged in carrying on this work, had the right to use part of the street, if necessary, for its performance, and this use of the street by the defendant did not, of itself, without some act of negligence, create a nuisance. Although engaged in a public work and protected therein by the statute directing the construction of the tunnel, the defendant was not excused nor relieved from the necessity of using proper care

---

* *Lawton, J.*

in the execution of its contract. It is liable for its negligence. This is, in effect, settled by *Moynihan* v. *Todd,* 188 Mass. 301. In *Howard* v. *Worcester,* 153 Mass. 426, where the defendant city was held not liable to a traveller upon the highway for the negligence of a contractor blasting rock in excavating for a public schoolhouse, it was said by C. Allen, J., at page 428, that, while the city is exempt, the servant himself may be responsible. See also *Butterfield* v. *Boston,* 148 Mass. 544, at page 546. *Mahoney* v. *Boston, supra,* decided that an employee of the Boston Transit Commission could not recover against the city under the employers' liability act for the negligent act of a superintendent while at work in the subway, for the reason that the work was a public one, performed under the requirements of the statute. This case did not decide that if an employee of an independent contractor constructing this same subway was injured by the negligence of a superintendent he would be without remedy against his employer. In *Breen* v. *Field,* 157 Mass. 277, where an employee brought an action against the selectmen of a town for personal injuries, Mr. Justice Morton said, speaking of the defendants' duty, "Whether they were acting as public officers or agents . . . they were bound, when they hired him [the plaintiff] to work in a particular place, to see that it was reasonably safe, and that materials were furnished to make it so, and if any injury occurred to him through their neglect in these respects, they are liable." In *Rockwell* v. *McGovern,* 202 Mass. 6, it was assumed that a contractor engaged in such a work is answerable to a traveller on the highway for his negligence. See also *Dickinson* v. *Boston,* 188 Mass. 595; *Butman* v. *Newton,* 179 Mass. 1.

The defendant, under the statute, had the right to place the timber upon the sidewalk, provided proper precautions were taken by barrier or signs or other adequate means to protect the travelling public. There is nothing in the evidence to show that anything was done to prevent injury and no safeguards were used to protect the public from harm.

In fact, the defendant placed its defence on other grounds. Nothing appears to show that the question presented by these requests was raised during the course of the trial. There being a complete lack of evidence, therefore, to support them, requests 6 and 7 were properly refused. The judge could have told the jury,

that the mere presence of the plank on the sidewalk, if it was sufficiently guarded and proper notice was given of its presence so that persons in the exercise of due care might have avoided it, would not be evidence of the defendant's neglect. But no such request was made.

The judge was right in refusing the defendant's eighth request. The length of time the plank remained on the sidewalk was not a material circumstance. If it was necessary for the defendant to have the plank there in carrying out the work authorized by the statute, the time it was there was of no consequence. If the execution of the work did not make it necessary to have the plank there, then the defendant had no right to obstruct public travel by placing such an obstruction upon the highway for any length of time.

There was evidence that the timber or plank over which the plaintiff fell was the property of the defendant. It was near the derrick belonging to the defendant, the defendant was building this section of the subway, and, within a few minutes after the plaintiff was injured, two employees of the defendant, so the jury could find, removed the plank. In addition to this the jury could say that no one except the defendant had any timber or planks at this part of Summer Street where the plaintiff was injured. *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371. The jury had a right to say, that the plank was placed where it was by the servants of the defendant acting within the scope of their authority.

There was evidence that the plaintiff was in the exercise of due care. *Sampson* v. *Boston,* 184 Mass. 46.

The judge said to the jury: "If the plaintiff has satisfied you that the defendant placed there on the sidewalk something that was likely to have caused injury, that was a nuisance. The defendant had no right to place an obstruction there." This statement of the judge was not strictly accurate. The defendant did have the right to place the timber upon the sidewalk, provided sufficient precautions were taken to prevent harm and injury. It was acting under a statute which gave it the right to use the street, and while it was called upon to use proper care in guarding and protecting the obstruction so that the public might be secure from injury, still the mere presence of the plank on the travelled way

was not a nuisance. Although the defendant contended that it did not obstruct the street and neither owned the plank nor placed it where it was, disclaiming all responsibility for it, we think this instruction was harmful to the defendant and erroneous, and for this reason let the entry be

*Exceptions sustained.*

The case was argued at the bar in November, 1915, before *Rugg, C. J., Braley, De Courcy, Crosby, & Carroll*, JJ., and afterwards was submitted on briefs to all the justices.

*P. D. Morris,* for the defendant.

*R. H. Sherman,* for the plaintiff.