ISAAC D. POPE & others *vs.* WILLIAM A. BERRY & others.

Essex.    March 6, 1916. — April 5, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Municipal Corporations,* Fire department.    *Board of Fire Engineers.*

Where a town has voted to purchase a fire engine and makes an appropriation for the purpose but does not designate the part of the town where the engine shall be kept and used, it is within the power of the board of fire engineers under R. L. c. 32, § 45, to determine at what fire station in the town the engine so purchased shall be placed and maintained.

PETITION, filed on September 27, 1915, by certain citizens of the town of Danvers for a writ of mandamus directed to the board of fire engineers of that town, commanding them to keep, maintain and care for the combination motor pumping engine, which is

mentioned in the opinion, at the fire station on River Street in the part of the town of Danvers called Danversport, until the town shall vote otherwise.

The case was submitted upon the petition and answer and an agreed statement of facts to *Braley*, J., who at the request of the parties reserved and reported it for determination by the full court.

*W. E. Clapp*, for the petitioners.

*B. F. Crowley*, (*D. N. Crowley* with him,) for the respondents.

BRALEY, J.   The petitioners ask us to decide, whether the board of fire engineers of a town can designate the fire station or engine house at which an engine forming part of the fire apparatus of the town shall be kept, notwithstanding that the vote of the town, when authorizing the purchase of the engine, directed and required that it should be placed and used in a different station or locality.

But this question is not presented by the record.   The article in the warrant at the special town meeting called for consideration of the question, Whether "a combination motor pump, chemical and hose carriage, to take the place of the hose wagon, now located at Danversport" should be purchased, or whether "any other action thereon, agreeable to William Coleman and others" should be taken?   While a committee was duly appointed "to investigate the proper type of machine and the cost of same and report at some future town meeting," no report ever was made.   And, at the adjournment of the annual town meeting under an article to hear and act on the report of the committee on fire apparatus the committee was discharged.   A committee was thereupon appointed to purchase a fire pump, and it was voted "that the matter be referred to the finance committee," said special committee to report at the adjournment of this meeting.   At the adjourned meeting, on recommendation of the finance committee, an appropriation was made for the purchase of "a motor pumping engine," and the special committee was authorized to buy in behalf of the town.   The committee acting under this vote bought the engine which after certain tests was accepted and was placed in the possession and management of the respondents, who are the lawfully constituted board of fire engineers.   The subject before the town was the purchase of the engine, and the vote to buy with the necessary appropriation therefor, but without any desig-

nation of any part of the town where the engine should be placed and used, was valid. *Torrey* v. *Millbury,* 21 Pick. 64, 68. *Hunneman* v. *Grafton,* 10 Met. 454, 456. It accordingly became the property of the town and we find nothing in the proceedings which curtails the powers of this board as defined in R. L. c. 32, § 45, giving to them the exclusive care and superintendence of the engines, "hose, fire hooks, ladder carriages and ladders, the buildings, fixtures and equipments, and of all pumps, reservoirs for water and apparatus owned by the town and used for extinguishing fires."

The vote of the board placing the engine at a fire station other than Danversport having been within their statutory authority, the petition for a writ of mandamus "commanding them to locate, keep, maintain and care for said combination motor pumping engine at the fire station on River street, Danversport, and not elsewhere" must be dismissed. *Bowers* v. *Selectmen of Needham,* 216 Mass. 422, and cases cited.

*So ordered.*