UNITED STATES DRAINAGE AND IRRIGATION COMPANY *vs.* CITY OF
MEDFORD.

Middlesex.   October 20, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Municipal Corporations.   Medford.   Board of Health,* Municipal.   *Specialty.
Contract,* Under seal.

A contract made by the board of health of a city with a corporation for work
required for the abatement of a nuisance, in which the *in testimonium* clause
recites that "said parties have hereto set their hands and seals " and which
bears the corporate seal of the contracting corporation but opposite the signa-
tures of the three members of the board of health bears no seal of wax or other
adhesive substance and no impress of a seal, although there are brackets enclosing
the letters "L. S." opposite the three names, is a simple contract and not a
specialty, and consequently in an action against the city upon the contract a
contention of the defendant that the contract is not binding upon it because it
is a contract under seal and is not executed in the name of the city cannot be
sustained.

Under the provision of the charter of the city of Medford contained in St. 1903,
c. 345, § 39, as amended by St. 1906, c. 252, § 5, that "All contracts made
by any department of the city, when the amount involved is one hundred
dollars or more, shall be in writing, and no such contract shall be deemed to
have been made or executed until the approval of the mayor is affixed thereto
. . . except as otherwise provided herein or required by law," a contract made
by the board of health of Medford, which is a department of that city, to pay
an amount more than $100 and less than $2,000 for certain work required in
the abatement of a nuisance under R. L. c. 75, §§ 75–82, which has not been
approved by the mayor is void as against the city.

In an action by a contracting corporation against the city of Medford upon a con-
tract in writing made by the board of health of that city to pay more than $100
and less than $2,000 for work required in the abatement of a nuisance under
R. L. c. 75, §§ 75–82, which is void as against the city because it was not ap-
proved by the mayor as required by the charter of the city, it was *held* that
the plaintiff was chargeable with knowledge of the limitations of the contractual
powers of the board of health under the provisions of the charter.

CONTRACT against the city of Medford on nine contracts in writ-
ing made with the plaintiff by the board of health of the defendant
as described in the opinion.   Writ dated April 2, 1914.

In the Superior Court the case was heard by *King*, J., without a
jury, upon an auditor's report, which contained the facts that are
stated in the opinion.   The judge found the facts to be as stated by

the auditor, and, at the request of the parties, reported the case for determination by this court. If, as matter of law, the plaintiff was entitled to recover, the judge found that it was entitled to recover the sum of $8,540.25 and interest at the rate of six per cent per annum from the date of the filing of the report, and judgment was to be entered for that amount or for such other amount as justice might require; otherwise, judgment was to be entered for the defendant.

*S. R. Cutler,* (*P. Armitage* of New York with him,) for the plaintiff.

*G. C. Scott,* for the defendant.

PIERCE, J. In the spring of 1913, ten separate petitions were duly presented to the board of health of the city of Medford, alleging that the land described therein was wet, rotten, spongy and covered with stagnant water, so that it was offensive to residents in its vicinity and was injurious to the public health, and to the health of the petitioners; that said land constituted a nuisance, source of filth and cause of sickness to the petitioners and to the public, and praying that the same be deemed a nuisance and abated as is provided by R. L. c. 75, §§ 75–82.

On June 11, 1913, the board of health issued an order of notice upon each of nine of the original ten petitions in the following terms: "To the petitioners upon the foregoing petition; all persons whose land it may be necessary to enter upon to abate the nuisance described in said petition; or any other person who may be damaged or benefited by the proceedings prayed for in said petition, and the mayor of the city of Medford. Notice is hereby given that the board of health of Medford has appointed the twentieth day of June, A. D. 1913, at 8 P. M., and their office in the city hall of Medford as the time and place for a hearing upon said petition, at which time and place you may be heard upon the necessity and mode of abating said nuisance, the question of the damages and of the assessment, and apportionment of the expenses of said abatement."

The record of the board shows that the notices were duly served upon all parties entitled thereto; that the board duly heard all parties appearing at the time and place appointed in the notice; that the board viewed the premises described in the several petitions and thereupon they "adjudged and determined" as to each

petition, that "said petition is hereby granted; that the land described in said petition is rotten, spongy and covered with stagnant water, and is offensive to the residents in the vicinity thereof, and injurious to the public health and to the health of the petitioners, and constitutes a nuisance to the petitioners and to the public; and that the expense of abating said nuisance and remedying said injury will amount to a sum not exceeding two thousand (2,000) dollars, to wit: $2,000 that said nuisance and injury shall be abated and remedied by said board by entering from time to time, upon a certain parcel of land together to the adjacent land drained thereby and bounded and described as follows. . . ."

After the adjudication of the nuisance the board of health and the plaintiff corporation entered into nine distinct contracts, copies of which are set out in the nine counts of the declaration. By the terms of each contract, the plaintiff agreed to lay out and excavate all drainage ditches that might be required at this time for the purpose of mosquito extermination in all the salt marsh area described in each of the contracts, and the board of health agreed to pay as compensation therefor a sum of money per acre measured and determined by the acreage drained. Under these contracts the largest sum to be paid upon the performance of any one contract is $1,662.90, and the smallest $108.30. The *in testimonium* clause of each contract reads: "In witness whereof the said parties have hereto set their hands and seals this 19 day of July, A. D. 1913." Each of the instruments is signed by the three individuals constituting the board of health and by the plaintiff corporation by its president, and bears the corporate seal. Upon some of the contracts there are brackets enclosing the letters "L. S." opposite the names of the signers; but no seal of wax or other adhesive substance is impressed or affixed to or upon any contract.

The plaintiff, subsequent to July 19, 1913, proceeded and performed the work in accordance with the terms of the contracts, and no payments have been made therefor. Subsequent to the completion of the work by the plaintiff, the board of health proceeded to assess the benefits on account of the abatement of the nuisance, or nuisances, upon the several tracts of land adjudged benefited thereby. No specific appropriation was made by the city of Medford to carry out the work, and of the general appropriation made for the board of health for the fiscal year 1913 less

than $600 remained unexpended on July 19, 1913. On April 2, 1914, an action was brought against the city of Medford to recover damages resulting to the plaintiff by reason of the refusal of the defendant to pay to the plaintiff the compensation agreed to be paid to it by the board of health upon its performance of the contracts. The case is before us upon a report of a judge of the Superior Court who heard it without a jury and found the facts to be as stated in an auditor's report, which is made a part of this report and is the only evidence.

The contention of the defendant that the written contracts declared on do not bind the city because they are contracts under seal not executed in the name of the city and as its contracts, but in the names and as the contracts of the individuals who signed and sealed them, is without force for the all sufficient reason that there is no individual seal of wax or other adhesive substance impressed on them or affixed to them. *Tasker* v. *Bartlett,* 5 Cush. 359. The copies of the contracts set out in the several counts recite a sealing, but beyond that there is nothing to indicate that the seal of the individual members of the board of health was ever impressed on or affixed to them. *Duncan* v. *Duncan,* 1 Watts, 322, 325. The presence of such recital does not change the character of the instrument to which no seal is affixed from a simple contract to a specialty. *Bates* v. *Boston & New York Central Railroad,* 10 Allen, 251, 255. *Dean* v. *American Legion of Honor,* 156 Mass. 435, 436. *Simpson* v. *Ritchie,* 110 Maine, 299. *Taylor* v. *Glaser,* 2 S. & R. 502, 504.

The records of the board of health warrant the report of the auditor that "The board of health proceeding under the provisions of R. L. c. 75, §§ 75–82, issued an order of notice on each of said nine petitions, viewed the premises in question, and after a hearing, severally adjudicated each of the nine several parcels of land described in said petitions a nuisance, and ordered the nuisance abated."

The further estimate and finding of the board that the expense of abating the nuisance would not exceed $2,000 in each case, was accurate, as proved by the cost of the performance of the work.

We cannot assent to the argument of the defendant that the use of the plural noun "lands" in the original statute, St. 1868, c. 160, § 1, requires the word "land" with the context in R. L. c. 75, § 75, to be construed to mean that all lands of the character described in

R. L. c. 75, § 75, within the territorial boundaries of a municipality, regardless of their contiguity or otherwise to other lands of similar character, are to be treated as a single nuisance, in determining whether the expenses of abating the nuisance or several nuisances will exceed $2,000. Nevertheless, it is quite true that in the determination of the expenses of an abatement the board rightly cannot arbitrarily split or divide the land it has determined to be a nuisance, or the work to be performed to abate it, in such a manner as to evade directly or indirectly the statute. It is quite conceivable that a single tract of land of the character described in R. L. c. 75, § 75, should be a nuisance of such virulent nature as to demand a more radical and speedy abatement than a contiguous or remote parcel of like land of less noxious qualities. It must be stated that on this record the board did not split or divide land or contract to enable it to determine that the expenses of the abatement of any nuisance would not exceed $2,000.

The auditor found, and the fact is not questioned, that "the three individuals who signed the nine several written contracts . . . were at the date thereof, the duly constituted board of health of the defendant city of Medford;" nor is his finding denied "that the board of health was a department of said city in the year 1913" under St. 1903, c. 345, §§ 33, 38. The charter of the city of Medford, St. 1903, c. 345, § 39, as amended by St. 1906, c. 252, § 5, provides that "All contracts made by any department of the city, when the amount involved is one hundred dollars or more, shall be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor is affixed thereto . . . except as otherwise provided herein or required by law, no expenditure shall be made or liability incurred for any purpose beyond the appropriations previously made therefor. The payment for expenditures made, or liability incurred by or in behalf of the city not in accordance with general laws, or with the provisions of said chapter three hundred and forty-five, or of acts in amendment thereof or in addition thereto, or with the ordinances made as therein provided, shall be void." The contracts in the case at bar were made by the officers of the board of health, a department of the city of Medford, on behalf of the city. *Spring* v. *Hyde Park,* 137 Mass. 554, 555. *Worcester Board of Health* v. *Tupper,* 210 Mass. 378, 383, and cases cited. The obligation, if incurred, re-

quired no appropriation by the city because the amount to be expended in the abatement of the nuisance did not exceed the sum of $2,000 (R. L. c. 75, § 75) under any single contract.

The remaining question presented is whether the contract was void as an obligation of the city of Medford because it was not approved by the mayor. We are of opinion that the provision of the charter, that all contracts made by any department of the city where the amount involved is $100 or more shall be approved by the mayor, is applicable to the board of health acting for the city, under R. L. c. 75, §§ 75 to 82 inclusive. The requirements that the contract shall be in writing and shall receive the approval of the mayor do not limit or destroy the powers conferred on the board of health by R. L. c. 75, § 75, but regulate the form and execution of agreements and instruments entered into by the department on behalf of the city. As checks upon hasty, ill-advised and inconsiderate actions, as requirements that agreements shall speak in understandable and indisputable language, the requirements of the charter take nothing from but add to the efficiency of the general laws. *Clarke* v. *Fall River*, 219 Mass. 580, 584. It follows that the contracts were ineffectual as obligations of the city, because they were not approved by the mayor. *McLean* v. *Mayor of Holyoke*, 216 Mass. 62. *Fiske* v. *Worcester*, 219 Mass. 428, 430, and cases cited. The plaintiff was chargeable with knowledge of the limitations of the contractual powers of the board of health, and is barred from any recovery. *Douglas* v. *Lowell*, 194 Mass. 268. *Bartlett* v. *Lowell*, 201 Mass. 151. *Commercial Wharf Corp.* v. *Boston*, 208 Mass. 482.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*