Patrick McGovern & another *vs.* City of Boston.

Suffolk.    January 7, 1918. — February 27, 1918.

Present: Rugg, C. J., De Courcy, Crosby, & Pierce, JJ.

*Contract,* Incorporation of statute, Construction, Implied in law, Rescission. *Boston Transit Commission. Public Officer. Municipal Corporations,* Officers and agents. *Equity Jurisdiction,* For rescission of contract, Mistake. *Boston.*

A contractor, in making with the city of Boston through the Boston transit commission a contract for the construction of a section of the Dorchester tunnel, was chargeable with knowledge of the requirements of St. 1911, c. 741, § 17, as to such a contract.

In making such a contract in the name of the city, the members of the Boston transit commission act as public servants and not as servants or agents of the city.

If, through negligence of the members of the Boston transit commission, misstatements of fact were made as the basis upon which bids for the work were sought and a contractor signed a contract relying upon such misstatements, to his damage, the city is not responsible for such negligence of the public officers, and it is not a ground for rescission of the contract.

If, to procure as low a bid as possible from the contractor, the members of the commission wilfully misled and deceived him as to material facts and concealed the true state of affairs from him, so that he was led to make a contract for a sum too small, the city is not responsible for such misconduct on the part of the members of the commission, who are public officers, and such misconduct is no ground for a rescission of the contract.

By reason of the requirement of St. 1911, c. 741, § 17, that contracts for work in the construction of certain tunnels and railways in Boston, among them the Dorchester tunnel, which involve $2,000 or more in amount, shall be in writing and signed by a majority of the Boston transit commission, a con-

tractor cannot recover from the city upon a *quantum meruit* for a sum in excess of $2,000 for work done and labor and materials furnished in the construction of a section of the Dorchester tunnel, where he contends that the contract in writing for such work, entered into between him and the city through the Boston transit commission, was invalid.

Although St. 1911, c. 741, § 17, does not expressly prohibit recovery from the city upon an implied contract under the circumstances above described, it is the only reasonable inference from its provision that all contracts coming within its terms must be in writing.

A bill in equity by a contractor against the city of Boston which alleges that a contract made by him with the city through the Boston transit commission for the construction of a section of the Dorchester tunnel was procured through negligence of the commission in not accurately ascertaining and stating to him the character of the work to be done and through wilful deception and fraud of the commission in misstating the facts, and which seeks a rescission of the contract, cannot be maintained as a bill for a cancellation of the contract by reason of a mutual mistake.

*Whether* under the circumstances a bill in equity to cancel the contract because of a mutual mistake of the contractor and the commission would lie, was not considered.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 28, 1917, for a rescission of a contract entered into by the plaintiffs and the defendant, acting by the Boston transit commission, for the construction of a section of the Dorchester tunnel, so called, after the work had been completed by the plaintiffs, and for a recovery upon a *quantum meruit* for work done and labor and materials furnished.

The defendant demurred to the bill. The demurrer was heard and was sustained by *Carroll*, J., who reported the case to the full court for determination, with a stipulation that, if the full court should overrule the demurrer, the defendant was to answer over and the cause was to be heard upon the merits, and, if the full court should sustain the demurrer, a decree was to be entered dismissing the bill unless the court should thereafter allow an amendment to the bill.

*J. F. Cronan,* (*C. L. Smerdon* with him,) for the plaintiffs.

*G. A. Flynn,* (*C. E. Fay* with him,) for the defendant.

CROSBY, J. This is a bill in equity brought to rescind a completed contract made by the plaintiffs with the Boston transit commission for the construction of Section E of the Dorchester tunnel, so called, and to recover the value of the work done on a *quantum meruit*. The defendant's demurrer to the bill was sustained by a single justice, who reported the case to this court.

The Boston transit commission was created, and its duties were defined by St. 1894, c. 548, and acts in addition and amendment thereto. The contract in question was authorized by St. 1911, c. 741, and was dated December 16, 1914. Thereafter the plaintiffs completed the contract according to its terms.

The plaintiffs allege that, after the completion of the work, they learned that the boring plans submitted by the transit commission did not show the true character of the material which it would be necessary to excavate and remove; that some of the borings indicated ledge as found in certain locations; that such borings were not shown on the plans but were wilfully concealed by the commission from the plaintiffs; that some of the borings were made with improper and insufficient tools; that the chief engineer of the commission knew or ought to have known that ledge was encountered by the borings; and that the omission from the boring plans of borings showing ledge was for the purpose of deceiving bidders as to the nature of the materials to be removed and to secure at a low cost the performance of the work. And they contend that, by reason of such concealment on the part of the commission, they were put to an additional expense of approximately $240,000 in the performance of the contract, which they seek to recover.

In answer to these allegations the defendant contends, among other things, that the statement on the plans relating to the character of the materials which had to be removed in the performance of the work, were expressions of opinion and were not representations of fact; and that, if the plaintiffs were not willing to accept and be bound by the opinions of engineers of the commission, it was their duty to request an opportunity to examine the boring samples upon which the opinions so expressed were based or to make their own borings. *Winston* v. *Pittsfield*, 221 Mass. 356.

The statute under which the contract was authorized (St. 1911, c. 741) provides in § 17 as follows:

"The commission may make contracts in the name of the city for the work herein authorized, but all contracts involving $2,000 or more in amount shall be in writing and signed by a majority of the commission; and no such contract shall be altered except by an instrument in writing, signed by the contractor and a majority of the commission, and also by the sureties, if

any, on the bond given by the contractor for the completion of the original contract. No such contract, and no alteration of any such contract, shall be valid or binding on the city unless executed in the manner aforesaid."

The provision in the statute that all contracts involving $2,000 or more in amount shall be in writing and signed by a majority of the commission, manifestly was intended by the Legislature to protect the city of Boston from the uncertainty and danger of oral contracts involving large amounts, and from hasty and ill-advised action. A contract in writing, expressed in clear and certain language, free from ambiguity, would relieve the city from the dangers attendant upon contracts, the scope and effect of which might depend wholly upon verbal talk, subject to different interpretations in view of the language used by the parties. Statutes, city charters and ordinances relating to municipalities, containing similar provisions, have often been upheld as reasonable and proper safeguards of binding force upon municipalities and their officers and agents, as well as upon those who contract with them. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 472. *Fiske* v. *Worcester,* 219 Mass. 428. *McLean* v. *Holyoke,* 216 Mass. 62. *Sullivan* v. *Mandell,* 212 Mass. 174. *Commercial Wharf Corp.* v. *Boston,* 208 Mass. 482. The plaintiffs are chargeable with knowledge of the provisions of § 17 and are bound by its terms. *Fiske* v. *Worcester, supra.*

The members of the Boston transit commission, in making the contract in question under § 17 above quoted, were not servants or agents of the city, but acted as public officers. As such, the city is not liable for their negligence. *Stewart* v. *Hugh Nawn Contracting Co.* 223 Mass. 525. *Murphy* v. *Hugh Nawn Contracting Co.* 223 Mass. 404. *Codman* v. *Crocker,* 203 Mass. 146, 154. *Mahoney* v. *Boston,* 171 Mass. 427. See also *Bolster* v. *Lawrence,* 225 Mass. 387. Nor is a municipality liable for the misconduct of its public officers. *Johnson* v. *Somerville,* 195 Mass. 370. *Heiser* v. *New York,* 104 N. Y. 68.

As the city cannot be chargeable upon an express contract entered into in contravention of the statute, it is equally plain that no recovery can be had upon an implied contract: to permit such recovery would be to defeat one of the purposes for which the statute was enacted. To allow the plaintiffs to recover upon

a *quantum meruit* would be contrary to the spirit as well as to the letter of the statute, and would be in plain disregard of its terms. *Bartlett* v. *Lowell*, 201 Mass. 151. The statute evidently was enacted to safeguard the interests of the defendant; it cannot be evaded or annulled, and must be held to be in full force and effect. Nor can it be regarded as permissive rather than mandatory, or as vesting in the commission a discretionary power to disregard its clearly expressed intent.

The contention of the plaintiffs, that as there is no express prohibition in the statute that the defendant shall not be charged with work otherwise than under a contract in writing such prohibition cannot reasonably be inferred, cannot be sustained, as the only reasonable inference is that all contracts coming within its terms must be in writing. And the plaintiffs are not entitled to recover under the doctrine of *Hayward* v. *Leonard*, 7 Pick. 180, and cases decided upon similar grounds. *Atkins* v. *Barnstable*, 97 Mass. 428. *Reed* v. *Scituate*, 7 Allen, 141. *Walker* v. *Orange*, 16 Gray, 193. Such cases are clearly distinguishable from the case at bar. Nor are they entitled to recover upon a *quantum meruit* because the defendant has had the benefit of the work. *Douglas* v. *Lowell*, 194 Mass. 268, 275, and cases cited. The case at bar is not within the principle discussed in *Long* v. *Athol*, 196 Mass. 497.

The bill cannot be maintained based on mutual mistake. Such is not the ground alleged for relief, and we do not mean to intimate that a bill would lie if brought on that ground. The allegations are not sufficient to warrant a cancellation of the contract or to permit the plaintiffs to recover upon an implied contract. The statute (§ 17) which provides that all contracts involving $2,000 or more in amount shall be in writing, is of equal force and effect in a suit in equity as in an action at law.

In view of the conclusion reached, — that the bill is demurrable and cannot be maintained, and that because of the statute there can be no recovery, — we have not deemed it necessary to consider many other questions presented by the record. The demurrer was sustained rightly, and in accordance with the terms of the report, a decree is to be entered dismissing the bill unless an amendment to it shall be allowed by the court.

*So ordered.*