EDWARD J. COLMAN, JR. *vs.* SCHOOL COMMITTEE OF SWANSEA. August 10, 1978. The plaintiff brought an action against the school committee of Swansea (school committee) for a declaratory judgment to determine his status under a contract between himself and the school committee making him superintendent of schools of that town. The school committee had sought to terminate his employment as of June 30, 1977. The case was submitted on a statement of agreed facts. A Superior Court judge ruled that the plaintiff has a valid contract of employment to serve as superintendent through June 30, 1979, and that he is entitled to be paid compensation for that period; but the judge did not order the plaintiff's reinstatement. The school committee now appeals from the judgment which ensued. The plaintiff did not appeal. There was no error. 1. The contract at issue here provides in pertinent part that the plaintiff "shall be employed for a three (3) year period commencing July 1, 1974. This agreement between the parties, . . . shall be extended for successive periods of one (1) year each time the anniversary date (June 30th) of this contract is reached" if no "further action" is taken by one of the parties. It provides further that notice of the school committee's "intent to terminate the contract upon expiration of the aforementioned three (3) year period of time" must be given in writing "at least ninety (90) days prior to the anniversary date of this contract." The school committee voted in February, 1977, to terminate the contract as of June 30, 1977, interpreting "anniversary date" to mean the year the contract expires. However, the ordinary or dictionary definition of anniversary is "the annual recurrence" of a date marking an event. See Webster's Third New Intl. Dictionary 87 (1971). The language "each time the anniversary date (June 30th) of this contract is reached" indicates that "anniversary" was intended to mean an annual event. A reading of the contract as a whole (see *Ucello* v. *Cosentino*, 354 Mass. 48, 51 [1968]) supports this interpretation, as section 3(b) provides that "[e]ach year" during which the contract is in effect the committee and the superintendent

shall meet at least thirty days "prior to the anniversary date" to review the superintendent's salary. It is clear in this section that anniversary date means an annual review during the entire period of the contract, not a review at the end of three years. The contract is thus a rolling three-year contract of employment which is extended one year each time the anniversary date is reached unless the school committee gives notice to terminate as of the end of the three year period then in effect. It thus follows that because the school committee took no "further action" at least ninety days prior to June 30, 1975, and June 30, 1976, to terminate the contract, under its terms that contract was automatically extended in 1975 to June 30, 1978, and in 1976 to June 30, 1979. Accordingly, we conclude, as did the judge, that under the terms of the contract the vote of the school committee in February, 1977, was ineffective to terminate the contract as of June 30, 1977, but that that vote was sufficient "further action" to terminate the contract as of June 30, 1979. 2. We likewise reject the school committee's further argument that the plaintiff's interpretation of the contract is invalid because the school committee cannot be bound by a vote of its predecessors. The case of *Murphy* v. *Cambridge,* 342 Mass. 339, 341 (1961), is distinguishable, as the plaintiffs in that case had no contract with the school committee. 3. The contract in question does not violate G. L. c. 71, § 41, as it is not "for a period ... [of employment] exceeding six years." 4. As the school committee did not raise below the issue whether certain parol evidence should have been considered, it cannot argue on appeal that the judge erred in excluding such evidence. *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). 5. The school committee's argument that its refusal to permit the plaintiff to continue to occupy his office after July 1, 1977, made the action for declaratory judgment moot, is without merit, as the plaintiff's rights under the contract remained to be adjudicated and the court had power to order appropriate relief. See *School Comm. of West Springfield* v. *Korbut,* 373 Mass. 788, 793 (1977). See also *School Comm. of Braintree* v. *Raymond,* 369 Mass. 686, 690 (1976). 6. The school committee's argument that the "relief requested was inappropriate" is equally devoid of merit. See *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 520 (1946). A declaratory judgment may be rendered "before or after a breach or violation ... has occurred in any case in which an actual controversy has arisen ... and whether any consequential judgment or relief is or could be claimed at law or in equity . . . ." G. L. c. 231A, § 1, inserted by St. 1945, c. 582, § 1.

*Judgment affirmed.*

*Joseph I. Macy* for the defendant.
*William F. Looney, Jr.,* for the plaintiff.
*James F. Ryan,* for Massachusetts Association of School Superintendents, Inc., amicus curiae, submitted a brief.