PARIS PAPER BOX COMPANY & another[1] *vs.* CITY OF BOSTON & others.[2] April 11, 1979. 1. The action was properly dismissed under the provisions of Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974). a. If the effort was to recover money damages from the city of Boston (city) for breach of the (admittedly) oral contract alleged in the complaint, the action was barred by the provisions of St. 1890, c. 418, § 6, as amended through St. 1955, c. 60, § 1. See *Wheaton Bldg. & Lumber Co.* v. *Boston,* 204 Mass. 218, 222 (1910); *Morse* v. *Boston,* 253 Mass. 247, 251-252 (1925), S.C., 260 Mass. 255 (1927); *Adalian Bros.* v. *Boston,* 323 Mass. 629, 631-632 (1949); *Singarella* v. *Boston,* 342 Mass. 385, 387-389 (1961); *Police Commr. of Boston* v. *Boston,* 343 Mass. 480, 485 (1962); *Central Tow Co.* v. *Boston,* 371 Mass. 341, 344 n.9 (1976); *Urban Transport, Inc.* v. *Mayor of Boston,* 373 Mass. 693, 695-698 (1977). Compare *United*

[1] Paris-Worcester Corporation.

[2] Described in the complaint as "Public Facilities Commission of the City of Boston" and "Model City Administration of the City of Boston."

*States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 471-472 (1917); *McGovern* v. *Boston,* 229 Mass. 394, 396-398 (1918); *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 729, 732 (1960). There is nothing to the contrary in *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.,* 357 Mass. 40, 41-43 (1970), in which the city was not the defendant and the case was necessarily decided with reference to statutory provisions comparable to those now found in G. L. c. 121B, §§ 4, 11 and 13. b. If the effort was to recover like damages from the city on a theory of tort (see *Graphic Arts Finishers, Inc., supra* at 42, 44), the answer is that all the events in question occurred long prior to August 16, 1977. See *Whitney* v. *Worcester,* 373 Mass. 208, 210 (1977); G. L. c. 258, § 2, as appearing in St. 1978, c. 512, § 15; St. 1978, c. 512, § 16. c. If the effort was to secure recovery of benefits to which the plaintiffs claim to be entitled under the provisions of 42 U.S.C. §§ 4622(a) and 4630 (1970), it is clear that no such recovery can be had in proceedings like the present. See *Jones* v. *District of Columbia Redevelopment Land Agency,* 499 F.2d 502, 507-508 (D.C. Cir. 1974), cert. denied, 423 U.S. 937 (1975); *Tullock* v. *State Hy. Commn.,* 507 F.2d 712, 715-717 (8th Cir. 1974); *Rubin* v. *Department of Housing & Urban Dev.,* 347 F. Supp. 555, 558-559 (E.D. Pa. 1972); *Barnhart* v. *Brinegar,* 362 F. Supp. 464, 468-472 (W.D. Mo. 1973); *Tenants & Owners in Opposition to Redevelopment* v. *Department of Housing & Urban Dev.,* 406 F. Supp. 1024, 1054 (N.D. Cal. 1973); *Beaird-Poulan Div. of Emerson Elec. Co.* v. *Department of Hys.,* 441 F. Supp. 866, 869, 870, 872 (W.D. La. 1977); Annot., 33 A.L.R. Fed. 9, 16, 17-18, 21, 62-64, 67-70 (1977). d. It is clear from the papers reproduced in the record appendix that none of the other questions sought to be argued here was raised below. See *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976); *Colman* v. *School Comm. of Swansea,* 6 Mass. App. Ct. 912, 913 (1978). 2. The plaintiffs were not harmed if (contrary to the recital therein) the judgment was entered without an opportunity for them to be heard on the recommendation of the special master; it is obvious from the papers that all the plaintiffs' then contentions were briefed in connection with the judge's denial of the plaintiffs' motion to vacate the judgment. The order denying that motion and the judgment are affirmed.

*So ordered.*

*Daniel J. Hourihan* (*John C. Powers* with him) for the plaintiffs.

*Harold J. Carroll,* Assistant Corporation Counsel, for the defendants.