WESLEY C. COOK *vs.* DANIEL A. BROWN & another.

Suffolk.    March 15. — October 21, 1878.    COLT & SOULE, JJ., absent.

A person may maintain an action against two or more persons, who, by concert of
action, fraudulently induce him to leave his home in another state and come into
this Commonwealth, with intent to cause his arrest and compel him to settle a dis-
puted claim; and it is no bar to the action that, after his arrest, he submitted him-
self to the jurisdiction of the court without pleading the illegality of his arrest in
abatement.

TORT.    The declaration alleged that the defendants, contriv-
ing to extort a pecuniary advantage from the plaintiff, and to
compel him to do an act against his will, fraudulently induced
him to come from the State of Rhode Island, where he lived,
into this Commonwealth, within the jurisdiction of the Superior
Court, so as to render himself amenable to its process, intending
to arrest and imprison him when he did so come, and thereby
compel him to settle a disputed claim; that, in pursuance of such
fraudulent purpose, in anticipation of his coming, and when they
knew he had not yet come, they procured a writ to be made,
alleging that he was then commorant of Boston, and on that writ
procured a false affidavit to be made that he was then about to
leave the state, and a certificate of a magistrate to be made
thereon, authorizing the plaintiff's arrest; and that, when he did
come, they caused him to be arrested on that writ and to be de-
tained a long time.    Answer, a general denial.

At the trial in the Superior Court, before *Bacon,* J., the plain·
tiff introduced evidence tending to prove the facts alleged in the
declaration; but it being conceded that, after his arrest, the
plaintiff gave bail and answered to the defendants' action, and
that said action was tried, and the defendants recovered a part
of their claim against the plaintiff, and judgment was entered
thereon, the judge ruled, as matter of law, that the plaintiff, by
appearing and submitting to the jurisdiction of the court in that
action, without pleading the illegality of the service of process
upon him in abatement, was concluded by the judgment in that
action, and could not maintain this action; and directed a ver-
dict for the defendants.    The plaintiff alleged exceptions.

*S. J. Thomas,* for the plaintiff, in addition to the cases cited in
the opinion, cited *Daw* v. *Swaine,* 1 Sid. 424; *Gilding* v. *Eyre,*
10 C. B. (N. S.) 592.

*R. M. Morse, Jr.*, for the defendants. The action cannot be maintained as an action for false imprisonment; nor for malicious prosecution. *Reynolds* v. *Corp*, 3 Caines, 267. *Blanchard* v. *Goss*, 2 N. H. 491. *Cloon* v. *Gerry*, 13 Gray, 201. The only method, if any, by which the plaintiff could enforce a claim for damages, for an arrest procured by the acts of fraud alleged against the defendants, in enticing him into the state, was by causing the writ on which he was arrested to be abated, and then bringing an action for false imprisonment, on the ground that, the process on which he was arrested having been adjudged a nullity, the arrest was unauthorized. *Hayden* v. *Shed*, 11 Mass. 500. *Parsons* v. *Loyd*, 3 Wils. 341. *Reynolds* v. *Corp*, 3 Caines, 271. *Searll* v. *McCracken*, 16 How. Pr. 262. *Blanchard* v. *Goss, ubi supra.*

The plaintiff might have pleaded the facts set out in his declaration in abatement of the suit of Brown against him. *Brigham* v. *Clark*, 20 Pick. 43. *Simonds* v. *Parker*, 1 Met. 508. *Steele* v. *Bates*, 2 Aik. 338. *Goupil* v. *Simonson*, 3 Abb. Pr. 474. He elected to waive the illegality of the arrest, submitted voluntarily to the jurisdiction of the court, defended the case on its merits, and submitted to judgment against him in the same. He is now estopped by that judgment, not only as to the merits of the case, but also as to all the facts which constituted the necessary steps on which that judgment was founded. *Henderson* v. *Henderson*, 3 Hare, 100, 115. *The Queen* v. *Hartington*, 4 El. & Bl. 780. *The Queen* v. *Wye*, 7 A. & E. 761. *Eastman* v. *Cooper*, 15 Pick. 276. *Burlen* v. *Shannon*, 99 Mass. 200. *Dunlap* v. *Glidden*, 31 Maine, 435. *Chamberlain* v. *Gaillard*, 26 Ala. 504. *Roberts* v. *Heim*, 27 Ala. 678.

LORD, J. It may be that, in this case, the plaintiff's cause of action is defectively set out in his declaration; but no such objection is made to the declaration, nor is the sufficiency of the declaration in matter of form before us. The trial seems to have proceeded, and the rulings of the presiding judge made, upon the theory that matters which are alleged merely as aggravation of the injury were themselves the cause of action. The action is not an action for malicious prosecution, nor is it an action for false imprisonment, nor in any manner an action for abuse of lega process. The real cause of action, as appears from the

plaintiff's declaration, is, that the defendants, by concert of action, fraudulently, and by means of false pretences, induced the plaintiff to leave his home in another state, and to come into this state. What the defendants did after his arrival within this Commonwealth is claimed to be an aggravation of the original wrong, for which the plaintiff is entitled to compensation. Whether it is properly to be so considered is a question not now before us. The real and exact question which we are called upon to decide is this : Has a party a right of action against two or more parties, who, by concert of action, fraudulently and by false pretences, induce such party to leave his business and his home, and travel into another state ?

We think that, in principle, he has. There is involved a loss of time, a neglect of business, and an expenditure of money, which are capable of being proved, and which are a direct and immediate injury to the party; and when such loss can be traced as the direct consequence of the fraudulent acts and false pretences of others, acting in concert to produce it, we can see no reason why, in principle, those who have caused the injury should not be responsible in law to the party suffering it. And, so far as we have been able to discover authorities upon the point, they concur with this view. It is true that commonly a party has caused himself to be released by judicial proceeding from the arrest made under circumstances similar to those in the case at bar, but, after such release, it has been held that damages might also be recovered of the party by whose fraud he was brought into the position in which the arrest could be made. It is obvious, however, that in such case the cause of action is not the arrest of the party, but is what the defendants had done prior to the arrest. Had they been guilty of no wrong before the arrest, the arrest would have been lawful, and would have afforded no cause of action. If the gist of the action was a malicious prosecution, or a fraudulent arrest, there would be great force in the argument of the defendants' counsel; but as the cause of action is entirely different from and independent of a malicious prosecution or fraudulent arrest, the decisions, which are made in actions of that nature, are comparatively unimportant. It is not necessary to decide whether the declaration, if objected to for that cause, would be sufficient as a charge of con-

spiracy against the plaintiff, to do him an injury, which resulted in accomplishing the injury designed; nor is it necessary to decide that the declaration, if objected to on that account, would be defective in not stating more fully and distinctly the means by which the fraud was consummated. No such question was presented to or passed upon by the presiding judge at the trial; but his ruling assumes that, whatever was the nature of the conspiracy or of the fraud by which the plaintiff was brought within the jurisdiction of the court, he can have no action for that fraud if he submits himself to the jurisdiction of the court, and does not avail himself of legal means to be discharged from arrest and to stop the proceedings against him. It is to this principle that we cannot accede.

We find nothing in the authorities cited by the defendants in conflict with these views. Some of the cases cited by the plaintiff's counsel are quite similar to the case at bar in their facts, and it has been held that the action could be maintained; and, in several of them, the principles upon which this action is maintained have been fully commented on and sustained. See *Wanzer* v. *Bright*, 52 Ill. 35; *Phelps* v. *Goddard*, 1 Tyler, 60; *Grainger* v. *Hill*, 4 Bing. N. C. 212; *Heywood* v. *Collinge*, 9 A. & E. 268.                              *Exceptions sustained.*