PERCY ALEXANDER trustee in bankruptcy, *vs.* F. L. SMITHE MACHINE COMPANY.

Suffolk.    January 18, 1924. — April 8, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of personal property: recording. *Bankruptcy,* Mortgaged personal property. *Estoppel.*

Where a mortgage of personal property is not recorded as required by G. L. c. 255, § 1, in the place of residence of the mortgagor, the mortgage is of no effect as against a trustee in bankruptcy of the mortgagor appointed in bankruptcy proceedings begun before the mortgagee takes possession of the property under the terms of the mortgage; and the mortgagee's title cannot be perfected by his taking possession of the mortgaged property after the filing of the petition in bankruptcy and before adjudication.

In an action by a trustee in bankruptcy against a mortgagee of personal property under a mortgage given by the bankrupt, who had taken possession of the property after the filing of the petition in bankruptcy, the trustee is not estopped, by false representations as to his residence made by the bankrupt to the mortgagee, to prove that the residence of the bankrupt was other than the town described in the mortgage and that no record was made of the mortgage in the town of the mortgagor's actual residence; nor can such fraudulent misstatement by the mortgagor operate by way of trust, or otherwise, to destroy the right of the trustee, acting for the general creditors as to the property.

TORT by the trustee in bankruptcy of one H. C. Busch for conversion of three machines of which the defendant had taken possession, purporting to act under the power in mortgages given him by Busch. Writ dated May 16, 1922.

In the Superior Court, the action was heard by *Qua,* J., without a jury. Material facts are described in the opinion. The defendant asked for the following rulings:

" 1. Upon all the evidence the plaintiff cannot recover in this action.

" 2. The plaintiff trustee takes simply the right, title and interest of the bankrupt in his property and no more, and subject to the same liens and equities as when the bankrupt held it.

" 3. The plaintiff trustee is estopped from claiming that the mortgages given by the bankrupt, in which he stated that he was of Boston, should have been recorded other than in the clerk's office of the city of Boston.

" 4. The chattel mortgages in issue are good as between the plaintiff and defendant without record.

" 5. The plaintiff cannot maintain this action of conversion because at the date of the writ he did not unite in himself both the title and the right to possession of the machines.

" 6. The defendant was fully within its rights under the mortgage in taking possession of the mortgaged property and removing it from the bankrupt's premises.

" 7. The defendant was fully within its rights in selling the machine included in the first mortgage after taking possession of the same for breach of conditions of the mortgage.

" 8. If the defendant was guilty of conversion in taking the machines, the plaintiff can recover only nominal damages.

" 9. The measure of damages in any event cannot exceed the market value of the machines at the time of the taking over and above the amount required to satisfy the defendant mortgages, from which must be taken the amount due James A. Ross, the second mortgagee.

" 10. The statement by the mortgagor, H. C. Busch, in the mortgage, dated June 22, 1920, that his residence was of Boston, and not Chelsea, as testified to by him on the witness stand, operated as a fraud upon the defendant, and the

plaintiff, trustee in bankruptcy, stands in no better position than the mortgagor, and said mortgage, having been duly and seasonably recorded in said Boston (Book 1339, page 78), is binding and effective as against said Busch and as against the plaintiff herein."

The rulings were refused. The trial judge ruled: "Neither of the two chattel mortgages given by Busch, who was a resident of Chelsea, to the defendant is valid as against Busch's trustee in bankruptcy. . . . It follows that as against Busch's trustee in bankruptcy, the defendant converted the machines when it took them on February 6, 1922." The judge found for the plaintiff in the sum of $3,823.35. The defendant alleged exceptions.

The case was submitted on briefs.

*W. B. Grant, S. Bates, & H. E. Whittemore*, for the defendant.

*G. C. Coit*, for the plaintiff.

PIERCE, J. This is an action of tort for conversion, brought by the plaintiff as trustee in bankruptcy of one H. C. Busch, to recover the value of three machines, described in two mortgages to the defendant, dated respectively June 22, 1920, and June 22, 1921. Busch was described in each of the mortgages as of Boston in the county of Suffolk and Commonwealth of Massachusetts. The first of the said mortgages was recorded on June 28, 1920, in the office of the city clerk of the city of Boston, and was not recorded with the clerk of the city of Chelsea, or anywhere else. The second mortgage was recorded on July 13, 1921, in the office of the city clerk of the city of Boston, and nowhere else.

R. L. c. 198, § 1, as amended by St. 1913, c. 656, St. 1915, c. 226, § 1, (now G. L. c. 255, § 1) provides as follows: " Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business. . . . If a record in two different places is required and the mortgage is recorded in one within said fifteen days, it may be recorded in the other within ten days after the date of the first record. The

mortgage shall not be valid against a person other than the parties thereto until so recorded; and a record made subsequently to the time limited shall be void." The mortgagor, Busch, when the mortgages were delivered to the defendant had his principal place of business in Boston, and his residence in Chelsea. As appears above, neither mortgage was ever recorded in the town where the mortgagor resided when the mortgages were made; and only the first mortgage was recorded within fifteen days in the office of the town where the mortgagor then principally transacted his business. There is no contention that the property was in fact delivered to and retained by the defendant as mortgagee.

Busch filed a petition in bankruptcy on February 3, 1922, and under this petition the plaintiff was elected and qualified as trustee in bankruptcy. On February 6, 1922, the defendant, claiming to act under the authority of the said mortgages, by force entered the premises of Busch and removed the machines. The defendant's title in mortgage could not be perfected by his taking possession of the machines after the filing of the petition in bankruptcy and before the adjudication, since by the amendment to the bankruptcy act (the act of June 25, 1910, 36 U. S. Sts. at Large, 840, § 8) " trustees have the rights and remedies of a lien.creditor or a judgment creditor as against an unrecorded transfer. The estate was *in custodia legis* from the filing of the petition, and the title of the trustee related back to that date. *Acme Harvester Co.* v. *Beckman Lumber Co.* 222 U. S. 300, 307. *Everett* v. *Judson*, 228 U. S. 474, 478." *Fairbanks Steam Shovel Co.* v. *Wills*, 240 U. S. 642, 649.

When the defendant or mortgagee took possession of the mortgaged property on February 6, 1922, the mortgages were invalid as against the general creditors of the estate of Busch, G. L. c. 225, § 1; and by the amendment to the bankruptcy act of June 25, 1910, as interpreted in *Fairbanks Steam Shovel Co.* v. *Wills, supra*, were held by the defendant subject to the title and right of possession of the trustee as of February 3, 1922. See also *Jump* v. *Sparling*, 218 Mass. 324.

The trustee in bankruptcy represents the creditors since the bankruptcy statute of 1910, *supra,* and is not estopped by the representations of the bankrupt to prove that the residence of the bankrupt was other than the town described in the mortgage. The misstatement or false statement of the mortgagor's residence could not as against creditors take the place of a record of the mortgage at the place of residence, and make valid as against them a mortgage which the statute specifically declares to be invalid. Nor could the mortgagor's fraudulent misstatement of his place of residence, if it were a fraud upon the mortgagee, operate by way of trust, or otherwise, to destroy the rights of the general creditors to seize and apply the mortgaged property to the satisfaction of their claims against the mortgagor, or to affect the rights of the trustee in bankruptcy conferred by the statute of 1910, *supra.*

We find no error in the refusal of the trial judge to give any requested ruling, or any error in the rulings which were made. It follows that the entry must be exceptions overruled.

*So ordered.*