NINTH SCHOOL DISTRICT OF MANCHESTER *vs.* FISK G.
ROGERS, trustee in bankruptcy.

Hampden.   September 18, 1924. — October 31, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Trust,* Constructive.   *Contract,* Public building contract, Validity.   *Public
Officer.*

In a suit in equity by a school district in the State of Connecticut against
the trustee in bankruptcy of a construction company for moneys paid
to the bankrupt subsequent to the bankruptcy proceedings to be used
by it for the purpose of paying for labor and materials furnished by
subcontractors in the construction of a school building, the defendant
trustee in a cross bill sought to recover from the plaintiff an amount
alleged to be due to the bankrupt under a certain clause in the contract.
It appeared that the requirements of § 5221 of the Gen. Sts. of Connec-
ticut, requiring a bond from the contractor, had not been complied with.
From a final decree dismissing the cross bill, the defendant appealed.
*Held,* that

(1) As a rule of law, it was indisputable that contractors, subcon-
tractors and every person, firm or corporation furnishing or receiving
materials and labor used or to be used in the construction of any public

building in the State of Connecticut were chargeable with knowledge of all applicable general laws of that State;

(2) As a rule of law, it was indisputable that such persons were chargeable with knowledge that a subcontractor, as such, had no legal enforceable claim against the plaintiff for materials and labor furnished the contractor or used in the construction of a public building unless the officers of the district, in accordance with the Connecticut statute, had received from the contractor " a bond with sufficient surety . . . conditioned for the faithful execution of the contract according to its provisions and for the payment for all materials and labor used or employed in the execution of such contract ";

(3) In the absence of such a bond taken by the district, it was under no legal or equitable obligation to pay the subcontractors for materials and labor furnished or used in the construction of its public building;

(4) The payments made by the plaintiff after the bankruptcy proceedings, without the consent of the trustee in bankruptcy, were not available to the plaintiff as a defence in set-off or otherwise to the claim of the defendant as such trustee set up in his cross bill;

(5) The authority of the officers of the plaintiff to make the contract with the defendant's bankrupt was conditional upon the receipt of the bond, and by reason of the absence of the bond no valid contract was made;

(6) Since the claim of the defendant under his cross bill was based upon the contract, the defendant could not recover thereon.

BILL IN EQUITY, filed in the Superior Court on November 18, 1921, against the trustee in bankruptcy of Flynt Building and Construction Company, seeking to impress with a trust moneys which, subsequent to the bankruptcy proceedings, the plaintiff had paid and the bankrupt had received for purposes of paying for labor and materials entering into the construction of a recreation building for the plaintiff. The defendant filed the cross bill described in the opinion.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard upon the master's report by *Wait*, J., by whose order there were entered an interlocutory decree confirming the master's report and final decrees dismissing the plaintiff's bill and the cross bill without costs. The defendant appealed from the interlocutory decree and from the final decree dismissing his cross bill.

*D. Lavigne*, (*I. R. Shaw* with him,) for the defendant.

*W. G. Brownson*, for the plaintiff.

PIERCE, J. This was a suit in equity brought against the trustee in bankruptcy of the Flynt Building and Construction

Company to impress with a trust certain moneys, which, subsequent to the bankruptcy proceedings, it had paid and the bankrupt had received for the purpose of paying for labor and materials entering into the construction of a recreation building for the plaintiff, which specific sums of money the company had diverted to other purposes. The plaintiff's bill of complaint was dismissed by decree of the Superior Court and no appeal was taken.

The trustee in bankruptcy in a cross bill seeks to recover of the plaintiff the sum of $25,028.40, which he claims is due the estate of the bankrupt under " Clause 8 " of the contract, less the aggregate amount of all payments made to the bankrupt prior to the bankruptcy proceedings. The plaintiff seeks to deduct the amounts paid by it after the institution of bankruptcy proceedings for the purpose of cancelling obligations incurred by the bankrupt under the contract, $13,258.53; and in addition thereto the further sum of $12,352.87 to certain creditors of the bankrupt.

By reason of the law that the estate of a bankrupt is *in custodia legis* from the filing of the petition, and that the title of the trustee relates back to that date, *Alexander* v. *F. L. Smithe Machine Co.* 248 Mass. 436, *Acme Harvester Co.* v. *Beekman Lumber Co.* 222 U. S. 300, *Everett* v. *Judson,* 228 U. S. 474, *Bailey* v. *Baker Ice Machine Co.* 239 U. S. 268, *Fairbanks Steam Shovel Co.* v. *Wills,* 240 U. S. 642, the plaintiff could not lawfully have made such payments, unless it was required to do so by an express contract or by a non-contractual obligation which was imposed by virtue of some mechanic's lien, by virtue of some special statute, or by virtue of the doctrine of subrogation. No contention is made that the bankrupt or the trustee authorized these payments; and the master finds that there is in Connecticut, where the building was erected, no lien on public buildings such as this, for labor performed, or labor and materials furnished in the erection thereof.

Section 5221 of Gen. Sts. of Connecticut, concerning claims for labor and materials used or employed in and for the construction of public buildings, reads as follows: "Any officer or agent contracting in behalf of the State or

any sub-division thereof for the construction . . . of any public building . . . shall require from each contractor, as a condition precedent to the execution of a contract for any such construction . . . a bond with sufficient surety, which bond shall be conditioned for the faithful execution of the contract according to its provisions and for the payment for all materials and labor used or employed in the execution of such contract. Any person, firm or corporation having any claim for materials or labor furnished in the execution of any such contract, shall file with the officers or agents contracting for any such construction . . . a statement of such claim within sixty days after he ceased to furnish such materials or labor, which claim, if correct, shall be paid by such officer or agent, who shall recover the amount thereof with costs from the surety on such bond." It is conceded, and the master found, that the plaintiff is a subdivision of the State of Connecticut within the meaning of the above statute.

It is further found by the master, and it is not disputed by the plaintiff, that the plaintiff acts through a school committee of five members, who are duly elected officers of the district; that the agreement was signed on behalf of the plaintiff by three members of the school committee; and that the officers acting for the plaintiff district did not comply with the statute in that they failed to require from the bankrupt the bond called for by the provisions of the above quoted statute. As a rule of law it is indisputable that contractors, subcontractors and every person, firm or corporation furnishing or receiving materials and labor used or to be used in the construction of any public building in the State of Connecticut are chargeable with knowledge of all general laws of that State, and consequently know that a subcontractor, as such, has no legal enforceable claim against the plaintiff for materials and labor furnished the contractor or used in the construction of a public building unless the officers of the district received of the contractor " a bond with sufficient surety . . . conditioned for the faithful execution of the contract according to its provisions and for the payment for all materials and labor used or employed in the

execution of such contract." In the absence of a bond taken by the district, the plaintiff was under no legal or equitable obligation to pay the subcontractors for materials and labor furnished or used in the construction of its public building. " The duty of taking the bond provided for in the statute quoted is not imposed on the corporation. It is not taken for the benefit of the corporation or its inhabitants, but is for the benefit of any person who shall perform labor or furnish material to the person or persons who contract with a public officer to construct any public improvements, whether such persons be residents of the city or elsewhere. The duty is a public one, in the interest of the public, imposed by statute on public officers, and with which the corporation, in its private capacity, has no concern." *Freeman* v. *Chanute,* 63 Kans. 573, at page 578. *Ihk* v. *Duluth,* 58 Minn. 182. *Rhea County* v. *Sneed,* 105 Tenn. 581. *Blanchard* v. *Burns,* 110 Ark. 515. *McGovern* v. *Boston,* 229 Mass. 394, 397. It follows that the payments made by the plaintiff after the bankruptcy proceedings, without the consent of the trustee in bankruptcy (the defendant in this action), are not available to the plaintiff as a defence in set-off or otherwise to the claim of the defendant in such capacity.

But the defendant cannot recover the amount which the master finds unpaid by the plaintiff under either " Clause 8 " or " Clause 9-A " of the contract. The statute above quoted is mandatory in the provision that "Any officer . . . contracting in behalf of the State or any subdivision thereof for the construction of any public building shall require from each contractor, as a condition precedent to the execution of a contract for any such construction, a bond with sufficient surety . . . " The requirement of a bond is in the terms of the statute quoted a " condition precedent to the execution of a contract." The authority of the officers of the district to make the contract was conditional upon a receipt of the bond. The absence of a bond was the absence of a fact or condition without the presence of which no contract could be legally made by officers acting for the State or any subdivision thereof. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467. *Simpson* v. *Marlborough,*

236 Mass. 210. *Bay State Street Railway* v. *Woburn,* 232 Mass. 201. *McGovern* v. *Boston,* 229 Mass. 394.

It becomes unnecessary to consider other matters argued in the briefs.

It results that all decrees. interlocutory and final are affirmed.

*Interlocutory decrees affirmed.*
*Final decrees affirmed.*