THE OTIS STAPLES LUMBER COMPANY, LTD. *vs.* FEDERAL NATIONAL BANK OF BOSTON.

Suffolk. December 10, 1926. — January 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* What constitutes. *Guaranty. Banks and Banking.*

At the trial of an action of contract by a lumber company against a trust company, it appeared that a customer of the plaintiff signed an order addressed to the plaintiff for lumber to be shipped "to order . . . [the trust company]. Notify . . . [the customer] . . . . Make out B/L and invoice in duplicate, mailing the original B/L and duplicate invoice to . . . [the trust company] and the duplicate B/L and the original invoice to the . . . [customer]." The trust company's treasurer wrote at the end of the order "Order Approved" and signed the trust company's name "By" his name as treasurer. The lumber was shipped and the original negotiable bill of lading and duplicate invoice were duly received by the trust company. *Held,* that the evidence did not show any guaranty or other contractual relation between the trust company and the plaintiff.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 27, 1924.

On removal to the Superior Court, the action was tried before *Whiting*, J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*W. H. Garland & R. B. Sprague*, for the plaintiff.

*J. E. Cotter & J. P. Fagan*, for the defendant.

RUGG, C.J. This is an action of contract. The two counts of this declaration are for the same cause of action. The first count is on an account annexed for the price of merchandise and interest thereon. The second count is on an agreement in writing whereby it is alleged that the defendant guaranteed the payment of all sums of money due the plaintiff from the Frank W. Lawrence Company for merchandise set forth in the account annexed to the first count. The defendant, the Federal National Bank of Boston, is a national banking association, which in 1925 took over all the assets and liabilities of the Federal Trust Company, a Massachusetts banking corporation. It was admitted by the defendant that if the Federal Trust Company was liable upon the contract hereinafter referred to, the action was properly brought against the defendant as the successor in liability to said Federal Trust Company. The material evidence is recited in the report in these words: "On August 6, 1919, F. W. Lawrence, as president of the Frank W. Lawrence Company, dealers in lumber, signed an order addressed to the plaintiff company, for two cars of White Pine Casings to be shipped 'to order Federal Trust Co. Notify Frank W. Lawrence Co., 149 Tremont Street, Boston, Mass.,' to 'Berlin, N. H.,' for certain sizes of lumber as therein set forth at a price of $56 per thousand delivered, 'Terms Freight net cash, balance less 2% within 10 days after arrival,' to be shipped as soon as possible, with directions, 'Make out B/L and invoice in duplicate, mailing the original B/L and duplicate invoice to, J. P. Mountain, Collection Clerk, Federal Trust Co., 85 Devonshire Street, Boston, Mass., and the duplicate B/L and the original

invoice to the Frank W. Lawrence Co.' Albion F. Bemis, then treasurer of said Federal Trust Company, signed said order at the foot thereof, 'Order Approved Federal Trust Company By Albion F. Bemis, Treas.' . . .

"The plaintiff duly received said order, and on December 6, 1919, shipped one car of lumber, . . . to order of Federal Trust Company, 'Notify Frank W. Lawrence Co., 149 Tremont Street, Boston, Mass.' to Berlin, N. H., and forwarded the original negotiable bill of lading, covering said car, and duplicate invoice of the lumber contained therein, to J. P. Mountain, Collection Clerk, Federal Trust Company, 85 Devonshire Street, Boston, Mass., and said original negotiable bill of lading and duplicate invoice were duly received by the said Federal Trust Company.

"The plaintiff subsequently made repeated demands for payment for the same upon F. W. Lawrence Company, and, being unable to obtain payment . . . on February 6, 1921, for the first time, made demand on the Federal Trust Company for payment of the amount of the invoice, . . . but said Federal Trust Company refused to pay the same. The plaintiff had an account on its books with Frank W. Lawrence Company, and said lumber . . . was charged to said account. The plaintiff had no account in its books with the Federal Trust Company."

These facts fail to show any contractual obligation on the part of the bank to the plaintiff. The order was signed by Lawrence as president of the Lawrence Company. It emanated directly and exclusively from him. The approval of the order signed by the treasurer of the bank was neither in form nor substance an initial obligation from the bank to the plaintiff. It was not in form nor by fair import a guarantee of the primary obligation assumed by Lawrence or the Lawrence Company. The words used in their ordinary sense in this context will not admit of such construction. Approval signifies assent, not personal legal liability. *Simpson* v. *Marlborough*, 236 Mass. 210, 214. The words used seem to indicate some arrangement between Lawrence and the bank. The contract of guaranty is one well known to the law. It is simple in phrase and concise in expression. There

is no difficulty in stating that obligation when it is intended to create it.

There was no evidence that the words used by the treasurer of the bank had acquired any peculiar trade meaning or had by usage been impressed with special signification. The mere delivery of the merchandise to the bank or receipt thereof by the bank by virtue of an order of this tenor did not impose any contractual obligation from the bank to the plaintiff.

The consignee of merchandise may for certain purposes be treated as the owner. *Wright & Colton Wire Cloth Co.* v. *Warren,* 177 Mass. 283. *Rosenbush* v. *Bernheimer,* 211 Mass. 146, 149. *Coleman* v. *New York, New Haven & Hartford Railroad,* 215 Mass. 45, 47. That principle has no relevancy to the facts here disclosed.

There was no evidence of contractual liability on the part of the bank to the plaintiff. It becomes unnecessary to consider the question of *ultra vires* or other questions raised.

*Judgment for defendant on verdict.*