ANDERSON v. COHEN et al.

District Court, D. Massachusetts. January 22, 1929.

No. 2976.

Jacobs & Jacobs, of Boston, Mass., for plaintiff.

Joseph Talamo, of Worcester, Mass., for defendants.

LOWELL, District Judge. This was a bill in equity, brought by the trustee in bankruptcy of Simon Cohen; it alleges a conspiracy to hinder, delay, and defraud the creditors of the bankrupt. The evidence showed an attempt by Simon Cohen, who was a dealer in ladies' suits and coats in Worcester under the name of "Bancroft Women's Shop," to reorganize his business without going into bankruptcy. In furtherance of this scheme, his brother Max Cohen, to whom he owed money, on December 2, 1926, attached the garments in the store in a suit begun by a writ returnable in February in the superior court for Worcester county, which was served by the defendant, Duphoure, who was a deputy sheriff. On December 6, 1926, an involuntary petition in bankruptcy was filed against Simon Cohen. The bankrupt acted throughout under the advice of counsel, who told him that the petition was not a good one, because the persons who brought it were not creditors. An attempt was then made to get all the creditors to agree to receive a certain percentage of their debts in full satisfaction thereof, or to give extended credit. The attorneys thought that they had accomplished this, and so informed the bankrupt early in March. Max Cohen's writ had not been entered in February, or in March, and was therefore outlawed under the laws of Massachusetts. G. L. Mass. c. 231, § 13.

The parties, however, evidently not knowing this, made an agreement for judgment, which was entered in the Worcester court. An execution was then issued, and the garments were sold on execution by the defendant Duphoure, who published a notice of the sale in the city hall at Worcester. There was no concealment of the sale, but no advertisement of any kind was made. At the sale Samuel Cohen, another brother of Simon, bought the goods for $1,500. It appeared that this amount was necessary to carry out the agreement with the creditors. Duphoure gave a check for the net proceeds of the sale to Simon Cohen's attorney, by whom it was trans-

ferred to a new corporation, which had been formed by Simon Cohen and Ida, his wife. The new corporation was called "Bancroft Women's Shop, Inc." Subsequently Simon Cohen transferred to the new corporation the fixtures and the accounts receivable, which had not been included in the sale. The new corporation began business and opened up two other stores. Its affairs were not successful, and it was petitioned into bankruptcy and a trustee appointed. It appeared in evidence that the reason why Samuel Cohen was anxious to keep Simon out of bankruptcy was that they were both largely interested in real estate in Worcester, and that he feared the event which happened—that, if Simon went into bankruptcy, the equities in their real estate would be destroyed.

Some time after the execution sale the petition in bankruptcy was made valid by the joining of other creditors. Simon Cohen was adjudicated a bankrupt, and the plaintiff in this action was chosen trustee.

While there was no fraud in the proceedings, in the sense of any concealment, there was an attempt to defeat a bankruptcy petition, and, though the parties thought that the petition was not valid, they acted at their peril. There is no question, therefore, that the stock of goods which were sold on execution belonged to the plaintiff as trustee in bankruptcy. Acme Harvester Co. v. Beckman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Ninth School District of Manchester v. Rogers, 250 Mass. 193, 145 N. E. 278.

The evidence proves concerted action on the part of all the defendants, with the result of hindering and delaying creditors. Brother Max attached the garments in the bankrupt's store; Deputy Sheriff Duphoure sold them on execution; brother Samuel bought them at the sale and gave the net proceeds to the corporation; Ida, Simon's wife, took part in the formation of the corporation; and Simon himself conveyed the accounts receivable and fixtures to the corporation. Each of the defendants is liable, Kimball v. Thompson, 4 Cush. (Mass.) 441, 50 Am. Dec. 799; In re Elletson Co. (D. C.) 174 F. 859; the deputy sheriff because he acted under authority of an invalid execution which the state court had no jurisdiction to issue, Tellefsen v. Fee, 168 Mass. 188, 46 N. E. 562, 45 L. R. A. 481, 60 Am. St. Rep. 379; Paine v. Kelley, 197 Mass. 22, 83 N. E. 8.

Let a decree be drawn in accordance with this opinion.