Sanborn, Acting P. J.
This is an action of contract to recover the purchase price of a Cadillac automobile. The second count is to recover for certain accessories, and the third count is on an account annexed for goods sold and delivered as specified in the first two counts. The answer among other things alleges that the contract described in the plaintiff’s declaration did not comply with the ordinances of the City of New Bedford in that no competitive bids were obtained for the purchase of an automobile.
The parties are in substantial agreement as to the following facts; the plaintiff was a dealer in motor vehicles, having the exclusive sale of Cadillac automobiles, in New Bedford and adjacent communities. Under date of December 31, 1938, the defendant City acting through its *454 Mayor and Commissioner of Public Works, who were admittedly authorized to negotiate contracts of this sort, entered into a written contract with the plaintiff for the purchase of a Cadillac seven-passenger touring sedan. Conformably to the terms of the contract the automobile was duly delivered to the City of New Bedford and was registered in its name. No question relating to the execution or validity of the contract is raised excepting such as relates to the validity of the exception attached to the contract and hereinafter referred to.
Sections 468 and 469 of the Revised Ordinances of the City of New Bedford are as follows:
“Section 468. In all contracts made by any department, board or committee where the cost exceeds two hundred dollars, competitive bids shall be obtained as hereinafter provided. This provision shall be strictly construed to apply to all contracts in which the city is a party, except as follows: (a) Where, by reason of patent rights or copyrights, fair and reasonable competition cannot be obtained, (b) Where, by reason of natural or actual monopoly, fair and reasonable competition cannot be obtained, (c) In case of emergency, where prompt action is required for the preservation of life, or the protection of property, (d) In case of election printing, where, in the opinion of the City Clerk, competition is not advisable, (e) Where, by reason of the peculiar or special nature of the article to be purchased, or work to be done, fair and reasonable competition cannot be obtained.”
“Section 469. If a contract is made by the city, without competitive bids, under the exceptions stated in section four hundred sixty-eight where the cost exceeds one hundred dollars, each claim shall have attached to it, previous to its audit, the certificate of the head of the department, or chairman of the committee authorizing the same, setting forth the exception under which competitive bids were not obtained, together with the written approval of the mayor.”
*455 .Competitive bids were not called for by public advertisement or otherwise. A duly approved “Exception Certificate” as called for by Section 469, and claiming exception for this expenditure under Clause b, of Section 468 of the said Ordinances was attached to the contract.
Rulings were requested by both parties. The Court found for the defendant, holding that the plaintiff had no such monopoly of automobiles as to bring it within the exception of Clause b, of Section 468, and held the requirement of competitive bidding had not been eliminated. That is the sole question presented to- this Court.
The purpose of an ordinance requiring publication for bids is to prevent fraud, favoritism and extravagance in the awarding of municipal contracts. As stated in Fluet vs. McCabe, 1938 Adv. Sheets 9,
“If a statute provides for the manner in which and by whom municipal contracts shall be entered into, the mandate is exclusive; parties contracting with the municipality are bound thereby, and good faith does not warrant a violation of the statute. Morse vs. Boston, 253 Mass. 247.
The officers of cities and towns have only such powers to bind their municipalities by contract as are conferred by the express terms or necessary implications of statutes. Benefit to the city or town is of no consequence in this connection.”
When the mode in which contracts of a municipal corporation may be entered into is prescribed, and any other method is expressly or impliedly prohibited, no contract will be binding unless made in the specified mode. In other words, strict compliance with the requirements of a municipal ordinance is a necessary condition precedent to the making of an enforceable contract. Simpson vs. Marlborough, 236 Mass. 210-213, Safford vs. Lowell, 255 Mass. *456 220, Higginson vs. Fall River, 226 Mass. 423. Whether the contract in question is properly within the purview of exception b, of Section 468, as being a case where by reason of monopoly, fair and reasonable competition cannot be obtained, involves, it seems to us a consideration of two questions. In the first place were the officials of the City of New Bedford authorized to> decide upon the make of automobile that should be purchased for the city — in other words were they empowered to- select a Cadillac automobile to the exclusion of all other kinds and makes, and if so, were they authorized to contract with the plaintiff without calling for bids from other dealers.
It is probably true as observed by the trial Court in his statement of findings that many other kinds of automobiles would have adequately served the desired purpose. Even used or second-hand cars might have met the essential requirements of the city and the prices of such cars might range from several hundred dollars to several thousand. But if the Mayor and the Commissioner of Public Works, as Purchasing Agents of the City of New Bedford, were authorized to exercise any discretion in the selection of an automobile, as it seems to us they were, once having decided upon a Cadillac, no purpose would be served by a published call for bids for other makes and kinds. They were bound to exercise care, discretion and their best judgment in the selection of that automobile which to them appeared best adapted to the needs of the city, having in mind not only the requirements of transportation, but the dignity of the official positions to be served, and having exercised that judgment, in the absence of fraud, their decision is not to be set aside.
The ordinance in question by its own terms provides for certain exceptions to the requirement of public notice, so that it is unnecessary to consider that line of cases cited by counsel in which exceptions are impliedly written into ordi *457 nances where the article to be purchased is controlled by patents or monopoly so> that reasonable competition cannot be obtained.
The plaintiff had the exclusive agency for Cadillac cars for New Bedford and vicinity, and as found by the Court, was the only one from whom a Cadillac car could there be purchased. We are of the opinion this exclusive agency constituted a monopoly within the meaning of said Clause b, of Section 468, and it was unnecessary to obtain competitive bids. It follows there was prejudicial error in the rulings of the trial Court. Finding is reversed and judgment is to be entered for the plaintiff in the amount declared upon.
Judge Estes dissents.